UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Doe,<br><br>                                     Plaintiff,<br><br>vs.<br><br>Kershaw County, Southeastern Service Group, Inc., Susan Mears, Vikas Mann, Murray Hudson, Ada Blackmon, Wanda Dean, Ervin Whack, Angie Threatt, James Robinson, Matilda Lowe, Manuel DeJesus, James Butler, Makeda Dawes, Sherrie Billie, Sandra Armentrout, Quinton Arthur, Chene Graham, Irma Rubio, Donnie Anthony, and Linda Bradshaw,<br><br>                                  Defendants. | Civil Action No.: 5:11-2419-SB-KDW |

## **ORDER**

This matter is before the court on Plaintiff's Motion to Permit Entry onto Subject Property, ECF No. 72. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 based on alleged occurrences that took place at Kershaw County Detention Center ("KCDC"). Plaintiff seeks to "inspect, measure, survey, photograph, test and/or sample [] 'A' Pod, and all connected offices, including but not limited to cells, shower area, common area, hallways, security station and/or officers station located within [KCDC]." Pl.'s Mot. 1, ECF No. 72. Defendants have responded to the Motion, indicating they do not object to permitting portions of the KCDC A Pod be made available for appropriate inspection. Defs.' Resp. 1-2, ECF No. 79. However, Defendants object to portions of Plaintiff's Motion as being overly broad and as potentially causing a threat to security at KCDC. *Id.*

At a February 13, 2013 hearing, the court instructed the parties to discuss Plaintiff's Motion and to inform the court in a joint filing the parameters of the inspection as to which they agreed and as to which they could not agree. *See* ECF No. 81. The parties were also instructed to

submit a Motion for Confidentiality Order and a proposed Confidentiality Order pursuant to the court's rules no later than February 22, 2013. *Id.*

The parties substantially complied with the court's instruction regarding the Motion by filing a Joint Stipulation, ECF No. 89. Although the parties did not file a Motion for Confidentiality Order and a proposed Confidentiality Order as instructed, they did submit a proposed Consent Confidentiality Order with the Joint Stipulation, ECF No. 89-1. The court has reviewed that proposed Order and, has entered it in this case. *See* ECF No. 92.

Having considered the parties' arguments and filings, the court *grants in part* Plaintiff's Motion, ECF No. 72. Subject to the Confidentiality Order, ECF No. 92, and on a date mutually agreeable to the parties and all counsel, Plaintiff, Plaintiff's counsel, and appropriate representatives are permitted to do the following:

- Access, photograph, and measure cell A-1, the dayroom/common area of A Pod and KCDC's intake area;

- Access the Main Control Room of KCDC to conduct testing that is limited to the Main Control Room and the cell intercom system, the Main Control Room's scanning capability, shutting and locking cell doors, and auditory tests as to the ability to hear a voice in the cells, dayroom, and Main Control Room.

Plaintiff, Plaintiff's counsel, and his appropriate representatives are *not* permitted to photograph the Main Control Room.

IT IS SO ORDERED.

February 27, 2013                                    Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge